**STATE OF SOUTH DAKOTA ex rel. Charles Roland THUNDERHORSE, Petitioner,**

v.

**Donald R. ERICKSON, Warden, South Dakota State Penitentiary, Sioux Falls, South Dakota, Respondent.**

Civ. No. 71–19S.

United States District Court, D. South Dakota, S. D.

July 9, 1971.

**1150**

Gary J. Pashby, of Boyce, Murphy, McDowell & Greenfield, Sioux Falls, S. D., for petitioner.

Roger A. Schiager, Sp. Asst. Atty. Gen., Sioux Falls, S. D., for respondent.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

On February 13, 1969, petitioner, Charles Roland Thunderhorse, was convicted by a jury of the crime of robbery in the first degree. Petitioner received a five year sentence which he is currently serving. On May 12, 1970, petitioner's appeal from his conviction was denied by the South Dakota Supreme Court. State v. Thunder Horse, 177 N. W.2d 19 (1970). Petitioner has now filed a petition with this court seeking federal habeas corpus relief.

### Search and Seizure

On November 20, 1968, petitioner and two other men were arrested and charged with vagrancy following a reported robbery of a billfold containing approximately seventy dollars from the person of George Ebright. After the three men were in custody and removed from the scene of the arrest, the automobile in which they were apprehended was searched without a warrant and Ebright's billfold was discovered. At the police station Zimmerman, one of the three men arested, turned over a one dollar bill to the police and a twenty dollar bill was discovered on his person. Various currency was discovered in a room at the police station in which Thunderhorse had been kept.

The admission of the billfold is challenged on the basis that: (1) the arrest for vagrancy was invalid and thus could not serve as grounds for the subsequent search of the automobile and (2) since the vehicle was searched after the arrest and removal from the scene of defendant and the two other men and the car was being impounded at the time of the search, the search could not be upheld as incidental to the arrest. The admissibility of the currency seized at the police station is challenged on the basis that it was obtained while petitioner and Zimmerman were being held pursuant to an illegal arrest.

The existence of probable cause for the arrest of petitioner and the other men on the charge of robbery is not seriously challenged. The petitioner concedes that on the basis of the information known about the robbery by the arresting officer at the time of the arrest, probable cause for the issuance of a search warrant was present. Since the thrust of the petitioner's contention that the arrest was illegal is directed toward

the fact that the grounds stated by the officer were vagrancy, the circumstances leading up to the arrest will not be set forth.

 Probable cause for the arrest of petitioner and the other two men on the felony charge of robbery in the first degree was clearly present. No bad faith on the part of the arresting officer in stating the grounds of arrest as vagrancy is shown by the record. The arrest and the search incident thereto were not invalid because the grounds for the arrest were improperly stated. Klingler v. United States, 409 F.2d 299 (8th Cir. 1969); McNeely v. United States, 353 F.2d 913 (8th Cir. 1965). The search of the automobile was conducted at the scene of the arrest, shortly after the petitioner and the other two men had been removed from the scene and was reasonable and incident to the arrest. Klingler v. United States, *supra*. If the warrantless search of the automobile were found to be not incident to the arrest, it would still be reasonable under the Fourth Amendment. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). The seizure of the currency at the police station was pursuant to a lawful arrest.

### Codefendant's Admissions

Petitioner and Zimmerman were tried jointly. During the course of the trial a police officer was permitted to testify that Zimmerman had told him that the one dollar bill and twenty dollar bill found on his person were given to him by petitioner. The one dollar bill and twenty dollar bill were received in evidence. After the testimony by the police officer as to the statements made by Zimmerman, the court instructed the jury that those statements could not be considered as part of the case against petitioner. A similar instruction was given as a part of the court's closing instructions to the jury. Although Zimmerman had been acquitted upon direction by the court at the close of the state's evidence, the two bills were allowed to go to the jury.

Petitioner complains that the admission of the police officer's testimony as to the statements made by Zimmerman violated his rights under the Sixth Amendment Confrontation Clause. In Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the Supreme Court held that the admission, in a joint trial, of a confession by a codefendant which implicates the defendant may be so prejudicial as to violate the constitutional right of cross examination guaranteed by the confrontation clause. *Bruton* was held to be retroactive and applicable to the states. Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968).

 Not all admissions by a codefendant are so prejudicial to the rights of a defendant as to constitute reversible error. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). Also see Dutton v. United States, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213. In the instant case no substantial prejudice to petitioner is demonstrated as the statement does not identify the source of the bills as the robbery and the money itself is not direct evidence of the crime. Smith v. United States, 431 F.2d 1 (8th Cir. 1970); Slawek v. United States, 413 F.2d 957 (8th Cir. 1969).

██ The submission of the twenty dollar bill and one dollar bill to the jury after Zimmerman had been acquitted was not within the proscription of *Bruton*. The two bills were proper circumstantial evidence to be considered against petitioner, who was apprehended in the same automobile with Zimmerman and in which the victim's billfold was found and was placed at the scene of the crime with Zimmerman by eyewitness testimony. Sutton v. United States, 434 F.2d 462 (D.C. Cir. 1970).

 The additional grounds for habeas corpus relief set forth by the petitioner have been considered by the court and found to be without substance. No request for an instruction relative to the weight of accomplice testimony is shown

**1152**

by the record. The evidence was clearly sufficient to support a finding that all of the elements of the crime had been proven beyond a reasonable doubt. Sufficient foundation for the reception in evidence of the money found in the room where petitioner was detained at the police station was presented. The question of the sufficiency of the foundation of Ex. 9 was not raised before the South Dakota Supreme Court and is not properly before this court for consideration. Finally, petitioner's alleged fear of incriminating himself of the crime of larceny if he testified at his trial did not deprive him of the right to properly defend himself.

The petition for federal habeas corpus relief is denied. This memorandum decision shall constitute the findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure.