**Charles Roland THUNDER HORSE,
Appellant,**

v.

**STATE OF SOUTH DAKOTA, Appellee.**

**No. 71-1449.**

United States Court of Appeals,
Eighth Circuit.

March 17, 1972.

Richard A. Cutler, Sioux Falls, S. D., for appellant.

William J. Srstka, Jr., Asst. Atty. Gen., Pierre, S. D., for appellee.

Before BREITENSTEIN,* BRIGHT and STEPHENSON, Circuit Judges.

BRIGHT, Circuit Judge.

Petitioner, Charles Roland Thunder Horse, a South Dakota state prisoner presently serving a five year sentence for first degree robbery, appeals from an order of the district court denying him habeas corpus relief from his state conviction. Petitioner raises the following contentions: 1) that the robbery victim's wallet introduced at petitioner's trial was the product of an unlawful search and seizure; 2) that the introduction of an out-of-court statement made by a codefendant violated the *Bruton*[1] rule; and 3) that the state trial court committed other errors in ad-

---

* Of the Tenth Circuit, sitting by designation.

1. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

mitting certain evidence, in denying petitioner a fair opportunity to take the stand in his own defense, and in instructing the jury on the elements of the offense. We affirm.

We consider first petitioner's search and seizure argument. This argument was considered by the South Dakota Supreme Court on petitioner's direct appeal, State v. Thunder Horse, 177 N.W. 2d 19 (S.D.1970), and by Judge Nichol on petitioner's application for habeas corpus relief, South Dakota ex rel. Thunder Horse v. Erickson, 328 F.Supp. 1149 (D.S.D.1971). The underlying facts are adequately stated in those opinions and will not be repeated here. In summary, the record shows that, at the time of petitioner's arrest, Officer McKelvey of the Sioux Falls, South Dakota Police Department possessed sufficient information to make an arrest for robbery but stated the ground for the arrest as vagrancy. After petitioner and his two companions were removed from the scene, McKelvey's fellow police officers conducted a warrantless search of the automobile in which the trio had been riding. This search uncovered a wallet bearing the robbery victim's name.

■ Petitioner argues that, since vagrancy arrest was improper, the subsequent search of the automobile was invalid. We disagree. The validity of the search in this case does not turn upon whether the arresting officer stated the proper grounds for the arrest; instead, it turns upon whether the police had probable cause to believe that the automobile contained the fruits of the robbery. See Chambers v. Maroney, 399 U.S. 42, 47 n.6, 49, 90 S.Ct. 1975, 26 L. Ed.2d 419 (1970); Carroll v. United States, 267 U.S. 132, 158–159, 45 S.Ct.

280, 69 L.Ed. 543 (1925); cf. Coolidge v. New Hampshire, 403 U.S. 443, 91 S. Ct. 2022, 29 L.Ed.2d 564 (1971); Dyke v. Taylor Implement Mfg. Co., 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968). We examine, therefore, the facts known to the police.

■ During his investigation at the scene of the crime, Officer McKelvey learned that three men, described by witnesses as two Indians and one Caucasian, had participated in the assault and robbery of the victim. He also learned that the trio had left the scene in a light-colored, 1955 or 1956 Buick. Within thirty minutes of the robbery, Officer McKelvey and fellow police officers found petitioner seated in a white, 1956 Buick. Two men, one Indian and one Caucasian, were standing alongside the automobile. The police observed blood on petitioner's hands and clothing. We think that these facts furnished the police with probable cause to believe that petitioner and his companions committed the robbery and that the automobile contained the fruits of the robbery. Given probable cause, the search of the automobile was reasonable under the Fourth Amendment standard announced in Chambers v. Maroney, supra.[2]

■ Turning to petitioner's Bruton claim, we note that the codefendant who made the out-of-court statement introduced at petitioner's trial testified for the defense at the trial. In so doing, the codefendant afforded petitioner the opportunity to question him on the substance of the out-of-court statement. United States v. Fountain, 449 F.2d 629 (8th Cir. 1971).

It is not clear that petitioner's remaining contentions have been presented to the South Dakota courts. Referring

2. The district court found the search to be a valid search incident to an arrest under the principles discussed in Klingler v. United States, 409 F.2d 299 (8th Cir.), cert. denied, 396 U.S. 859, 90 S.Ct. 127, 24 L.Ed.2d 110 (1969). The record here does not disclose clearly the time interval between petitioner's arrest and the search of the vehicle. Since we are not certain that the search can be characterized as reasonably incident to petitioner's arrest, see Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), we do not rest our determination here upon the Klingler rationale.

to these issues, the Supreme Court of South Dakota noted on direct appeal:

> The other errors asserted are without substance. They seem to have been largely abandoned. In fact some of them are not here for review because they were not presented to the trial court. [State v. Thunder Horse, 177 N.W.2d 19, 24 (S.D.1970).]

For the purposes of this appeal, however, we have assumed that these contentions were presented to the South Dakota courts. Having reviewed these contentions, we find them either to present no constitutional question or to be without merit.

Affirmed.